# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | CIVIL NO. 24-CV-2727 |
| | * | |
| **FOURTEEN ANCIENT EGYPTIAN ARTIFACTS SEIZED BY U.S. CUSTOMS AND BORDER PROTECTION,** | * * * * | |
| | | |
| **Defendants** | | |

\*\*\*\*\*\*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The plaintiff, the United States of America, by and through the undersigned attorneys, pursuant to 18 U.S.C. § 545 and 19 U.S.C. § 1595a(c), brings this verified complaint for forfeiture *in rem* against fourteen ancient Egyptian artifacts seized by U.S. Customs and Border Protection ("CBP") and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

Nature of the Action

1. This is a civil forfeiture action *in rem* against fourteen ancient Egyptian antiquities seized by CBP (collectively, the "Defendant Properties"), which constitute merchandise introduced into the United States in violation of 18 U.S.C. § 545 (smuggling goods into the United States), and thus are subject to forfeiture pursuant to 18 U.S.C. § 545, and/or constitute merchandise which is introduced or attempted to be introduced into the United States contrary to law, in violation of 19 U.S.C. § 1595a (aiding unlawful importation), and thus are subject to forfeiture pursuant to 19 U.S.C. § 1595a(c).

The Defendants *In Rem*

2. The Defendant Properties consist of the following items:

   a. Old Kingdom Limestone Funerary Statute of Seated Elite, seized on or about August 24, 2020, at Anchorage, Alaska;

   b. Ancient Egyptian Faience Amulet of the Goddess Hatmehyt from Egypt's Late Period (664-332 BCE), seized on or about September 29, 2020, at John F. Kennedy Airport in New York;

   c. Egyptian wooden canopic jar cover from the New Kingdom Period, 19th Dynasty or later 1300 BCE, seized on or about November 17, 2020, at John F. Kennedy Airport in New York

   d. Cypriot Spindle Ware Vessel (New Kingdom Period 1549 to 1075 BCE), seized on or about November 17, 2020 at John F. Kennedy Airport in New York;

   e. Painted limestone Shabti from ancient Egypt's New Kingdom period (1549 to 1075 BCE), seized on or about November 17, 2020, at John F. Kennedy Airport in New York;

   f. Painted limestone phallic figurine from ancient Egypt's Late Period to Ptolemaic Period (664-30 BCE), seized on or about November 17, 2020, at John F. Kennedy Airport in New York;

   g. Painted limestone Egyptian Shabti from ancient Egypt's New Kingdom period (1549 to 1075 BCE), seized on or about November 18, 2020, at John F. Kennedy Airport in New York;

   h. Egyptian Calcite/Alabaster Shabti (1190-1075 BCE), seized on or about November 18, 2020, at John F. Kennedy Airport in New York;

   i. Painted limestone Egyptian Bed Figurine (New Kingdom Period 1549-1075 BCE), seized on or about November 18, 2020, at John F. Kennedy Airport in New York;

   j. Egyptian Glazed Phallic Figurine from Egypt's Late Period to Ptolemaic Period (664-30 BCE), seized on or about November 18, 2020, at John F. Kennedy Airport in New York;

   k. Faience Shabti Figurine (Late Period to Ptolemaic Period 664-30 BCE), seized on or about November 18, 2020, at John F. Kennedy Airport in New York;

   l. Pre-Dynastic Vase (3500-3200 BCE), seized on or about November 18, 2020, at John F. Kennedy Airport in New York;

   m. Egyptian limestone lug-handled jar, Early Dynastic Period, c. 3000-2600 BCE, seized on or about April 7, 2021, at John F. Kennedy Airport in New York; and

      n. Egyptian painted wooden Ushabti box, Third Intermediate Period to Late Period, c. 1075-332 BCE, seized on or about April 7, 2021, at John F. Kennedy Airport in New York

3. The Defendant Properties are presently in the custody of the United States Department of Homeland Security in New York, New York.

4. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Aaron Klein, Special Agent with Homeland Security Investigations, which is incorporated herein by reference.

## Jurisdiction and Venue

5. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 18 U.S.C. § 545 and 19 U.S.C. § 1595a(c).

6. This court has *in rem* jurisdiction over the Defendant Properties under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Properties pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in this district.

Legal Basis for Forfeiture

8.      Title 18, United States Code, Section 545 states that "[m]erchandise introduced into the United States in violation of this section, or the value thereof . . . shall be forfeited to the United States." Title 19, United States Code, Section 1959a(c) provides, "Merchandise which is introduced or attempted to be introduced into the United States contrary to law . . . (1)(A) shall be seized and forfeited if it is stolen, smuggled, or clandestinely imported or introduced[.]"

9.      The Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. § 545 because they are merchandise introduced into the United States in violation of 18 U.S.C. § 545 and are subject to forfeiture pursuant to 19 U.S.C. § 1595a(c) because they constitute merchandise which is introduced or attempted to be introduced into the United States contrary to law.

**WHEREFORE**, the plaintiff, the United States of America, prays that all persons who reasonably appear to be potential claimants with interests in the Defendant Properties be cited to appear herein and answer the Complaint; that the Defendant Properties be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States dispose of the Defendant Properties according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

        Respectfully submitted,

        Erek L. Barron
        United States Attorney
        District of Maryland

By:    /s/_____
        Steven T. Brantley
        Assistant United States Attorney

## VERIFICATION

       I, Aaron Klein, a Special Agent with Homeland Security Investigations, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based on reports and information known to me and/or furnished to me by other law enforcement agents and that everything contained therein is trued and correct to the best of my knowledge and belief.

Date: _____  AARON M KLEIN  
Digitally signed by AARON M KLEIN  
Date: 2024.07.30 16:58:52 -04'00'

Special Agent Aaron Klein  
Homeland Security Investigations

6